UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS G. GRAJEDA,<br>   Plaintiff,<br>  v.<br>S. RODGERS, *et al.*,<br>   Defendants. | Case No. 14-cv-00955-JD<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**I. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

1  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
2  omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its
3  face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face"
4  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
5  must be supported by factual allegations. When there are well-pleaded factual allegations, a court
6  should assume their veracity and then determine whether they plausibly give rise to an entitlement
7  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

8  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
9  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
10 the alleged deprivation was committed by a person acting under the color of state law. *West v.*
11 *Atkins*, 487 U.S. 42, 48 (1988).

## II.  LEGAL CLAIMS

Plaintiff alleges that a correctional officer failed to protect him from an assault by another inmate.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *Farmer*, 511 U.S. at 834; *Hearns*, 413 F.3d at 1040-41.

Plaintiff states that he was alone in his cell and was preparing for the door to be opened so he could proceed to the shower. Another inmate was walking by his cell, made some sort of motion to the guard control booth and then plaintiff's cell door was opened by the booth that was operated by defendant Rodgers. The other inmate entered plaintiff's cell, the cell door was closed by the booth and the other inmate stabbed plaintiff with a weapon multiple times. Other guards

arrived at the scene to stop the assault and plaintiff was taken to an outside hospital where he was treated for his injuries. This claim is sufficient to proceed against Rodgers.

Plaintiff also alleges that Townsed, the inmate appeals coordinator at the prison, improperly denied plaintiff's appeals regarding this incident. However, there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). This claim is dismissed.

## CONCLUSION

1. Defendant Townsend is **DISMISSED** from this action for the reasons set forth above.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendant: S. Rodgers, correctional officer at Pelican Bay State Prison.

3. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than sixty days from the date of service, defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date his summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. At the time the dispositive motion is served, defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

   c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than thirty days from the date the motion was served

1   upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
2   provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
3   and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).
4       If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust
5   his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take
6   note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided
7   to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).
8       d.    If defendant wishes to file a reply brief, he shall do so no later than fifteen
9   days after the opposition is served upon him.
10      e.    The motion shall be deemed submitted as of the date the reply brief is due.
11  No hearing will be held on the motion unless the Court so orders at a later date.
12      4.    All communications by plaintiff with the court must be served on defendant, or
13  defendant's counsel once counsel has been designated, by mailing a true copy of the document to
14  defendants or defendants' counsel.
15      5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
16  No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the
17  parties may conduct discovery.
18      6.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
19  informed of any change of address by filing a separate paper with the clerk headed "Notice of
20  Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to
21  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
22  Civil Procedure 41(b).
23  **IT IS SO ORDERED.**
24  Dated:  May 12, 2014

JAMES DONATO  
United States District Judge

28  14-cv-00955-JD-_serve

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.