UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS G. GRAJEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>S. RODGERS,<br><br>    Defendant. | Case No. 14-cv-00955-JD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; STAY AND REFERRAL TO MEDIATION**<br><br>Re: Dkt. No. 28 |

Plaintiff, a state prisoner proceeding pro se, has brought a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that defendant correctional officer Rodgers failed to protect plaintiff from an assault by another inmate. Defendant has moved for summary judgment. Plaintiff filed an opposition and defendant filed a reply. The motion is denied.

**I.  MOTION FOR SUMMARY JUDGMENT**

    **A.  Factual Background**

On December 10, 2012, plaintiff was incarcerated at Pelican Bay State Prison ("PBSP") in the security housing unit ("SHU"). Motion for Summary Judgment ("MSJ") at 1. Defendant Rodgers was the control booth officer for the block where plaintiff was housed. *Id*. Defendant handled the remote opening and closing of cell doors so the inmates could take showers. *Id*. at 1-2. Only one inmate was allowed out of his cell at a time to go to the showers. *Id*. at 2. At approximately 2:25 p.m., inmate Evans was out of his cell when the door opened to plaintiff's cell; Evans rushed in and a fight ensued. *Id*. Both inmates suffered significant injuries, and Evans was charged at the prison with the attempted murder of plaintiff. *Id*. The parties dispute the events that led to the altercation.

Defendant states that Evans called out from the lower-tier shower and said he was finished. *Id*. From the control booth remote panel, defendant opened the lower-tier shower and watched Evans walk to his cell, #124. *Id*. Defendant opened the door to #124 and observed Evans walk into his cell at which time defendant closed the cell door to #124. *Id*.

Defendant then opened the next cell door, #123, which belonged to plaintiff. *Id*. When plaintiff's door was approximately halfway open, defendant observed an inmate run from under the stairwell, which is directly in front of cell #124, into plaintiff's cell. *Id*. Defendant immediately activated the alarms and other prison staff arrived to quell the altercation. *Id*. It was Evans who had run into plaintiff's cell. *Id*.

Defendant states he was certain Evans was inside his own cell when he opened plaintiff's cell door. *Id*. Defendant later determined that Evans was hiding under the stairwell. *Id*. Defendant states he did not know that Evans was not in his cell. *Id*. Had defendant known, he would not have opened plaintiff's cell door. *Id*. Defendant states he was not deliberately indifferent to plaintiff's safety. *Id*.

Plaintiff disputes defendant's version of the incident. Plaintiff contends that as he was preparing to be released from his cell to the shower, another inmate walked by the front of his cell and raised his hand towards defendant in the control booth. Opposition at 3. At that time, defendant opened plaintiff's cell door and the inmate entered plaintiff's cell. *Id*. Plaintiff states that defendant delayed activating the alarm until instructed by another correctional officer. *Id*. Plaintiff suffered multiple stab wounds. *Id*. at 4. Plaintiff disputes that Evans ever entered his appropriate cell or that defendant was misled. *Id*. at 5. Plaintiff states that Evans was always in front of plaintiff's cell door. *Id*. at 6.

**B. Standard of Review**

Summary judgment is proper where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is

genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

A court may grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See id.* at 324 (citing Fed. R. Civ. P. 56(e) (amended 2010)).

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *Farmer*, 511 U.S. at 834; *Hearns*, 413 F.3d at 1040-41.

Neither negligence nor even gross negligence will constitute deliberate indifference. *See Farmer*, 511 U.S. 825 at 835-36 & n.4; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official cannot be held liable under the Eighth Amendment unless the standard for criminal recklessness is met, namely that the official knew of and disregarded an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *See Farmer*, 511 U.S. at 837. The official must have been aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and have actually drawn the inference. *See id*. This is a question of fact. *Id*. at 842; *see, e.g., Cortez v. Skol*, 776 F.3d 1046, 1050-52 (9th Cir. 2015) (reversing grant of summary judgment because, when viewed in the light most favorable to plaintiff, sufficient evidence showed (1) that undermanned escort by one prison guard of three mutually hostile, half-restrained, high-security inmates through an isolated passage posed a substantial risk of harm; and (2) that escorting officer was aware of the risk involved).

### C. Analysis

In this case, disputed material facts bar summary judgment. If the defendant mistakenly or negligently allowed the other inmate to enter plaintiff's cell and assault him, then there is no constitutional violation. But if plaintiff's facts are accurate and defendant purposely let the other inmate into the cell and delayed activating an alarm, then defendant was deliberately indifferent to plaintiff's safety. Viewing the evidence in the light most favorable to plaintiff, defendant has failed to meet his burden of demonstrating that he is entitled to summary judgment.

### D. Qualified Immunity

Defendant also argues that he is entitled to qualified immunity. The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. *Id*. at 205. A court considering a claim of qualified immunity

4

must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling the sequence of the two-part test that required determining a deprivation first and then deciding whether such right was clearly established, as required by *Saucier*). The court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *Pearson*, 555 U.S. at 236. "[U]nder either prong, courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment," and must, as in other cases, view the evidence in the light most favorable to the non-movant. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014).

The Court must view the evidence in the light most favorable to the non-movant, in this case, plaintiff. Plaintiff has adequately alleged a violation of a clearly established constitutional right, and a reasonable person in defendant's position would not have believed that it was lawful to purposely allow the other inmate into plaintiff's cell in the SHU. The right to be free from violence at the hands of other inmates is clearly established. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Castro v. County of Los Angeles*, 797 F.3d 654, 664 (9th Cir. 2015). Defendant is not entitled to qualified immunity.

In light of the Court's denial of this motion, this case shall be referred to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. The proceedings will take place within **one hundred and twenty days** of the date this order is filed. Magistrate Judge Vadas will coordinate a time and date for a settlement proceeding with all interested parties and/or their representatives and, within **five days** after the conclusion of the mediation proceedings, file with the Court a report of the proceedings.

## II. CONCLUSION

1. The motion for summary judgment (Docket No. 28) is **DENIED**.
2. The case is referred to Magistrate Judge Vadas for settlement proceedings pursuant to

the Pro Se Prisoner Settlement Program.  The Clerk will send a copy of this order to Magistrate Judge Vadas in the Eureka Division.  In view of the referral, this case is **STAYED** pending the settlement proceedings.

**IT IS SO ORDERED.**

Dated: November 20, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS G. GRAJEDA,<br><br>   Plaintiff,<br><br> v.<br><br>S. RODGERS,<br><br>   Defendant. | Case No.  14-cv-00955-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 20, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tomas G. Grajeda ID: V-22200
CSP - Corcoran 4B - 4L - #42
P.O. Box 3481
Corcoran, CA 93212

Dated: November 20, 2015

            Susan Y. Soong
            Clerk, United States District Court

            By: /s/ Lisa R. Clark
            LISA R. CLARK, Deputy Clerk to the
            Honorable JAMES DONATO